IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MONSTER ENERGY COMPANY,** a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>**JOF ENTERPRISE, INC.,** a Massachusetts corporation; and **JAMES FINNEY,** an individual,<br><br>Defendants. | §<br>§  Case No. 5:22-cv-01458<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**

Defendants, JOF Enterprise Inc. and James Finney (collectively, "Defendants"), hereby file their Answer and Affirmative Defenses to the Complaint for Trademark Infringement (the "Complaint") of Plaintiff, Monster Energy Company, ("Monster"), and state as follows:

**PARTIES**

1.  Defendants admit that Monster is alleging it is a Delaware corporation. Defendants are without knowledge of the remaining allegations and therefore they are denied.

2.  Defendants admit the allegations of Paragraph 2 of the Complaint as stated.

3.  Defendants admit the allegations of Paragraph 3 of the Complaint as stated.

**JURISDICTION AND VENUE**

4.  Defendants admit that this purports to be an infringement action but deny that Monster is entitled to any relief. Defendants deny the remaining allegations of Paragraph 4 of the Complaint.

5.  Defendants deny the allegations of Paragraph 5 of the Complaint as stated.

1

6. Defendants deny the allegations of Paragraph 6 of the Complaint as stated.

7. Defendants deny the allegations of Paragraph 7 of the Complaint as stated.

8. Defendants deny the allegations of Paragraph 8 of the Complaint as stated.

## FACTUAL ALLEGATIONS

### The Asserted Trademarks

To the extent that the header "Monster's Trademarks" in the Complaint states allegations, Defendants deny its allegations as stated.

9. Defendants lack knowledge of Monster's allegations in Paragraph 9 of the Complaint and on that basis they are denied.

10. Defendants lack knowledge of Monster's allegations in Paragraph 10 of the Complaint and on that basis they are denied.

11. Defendants lack knowledge of Monster's allegations in Paragraph 11 of the Complaint and on that basis they are denied.

12. Defendants lack knowledge of Monster's allegations in Paragraph 12 of the Complaint and on that basis they are denied.

13. Defendants admit that Monster appears to be the current assignee of the U.S. Trademark Registration Nos. listed in the chart following Paragraph 13 of the Complaint. To the extent any other allegations are made in Paragraph 13 of the Complaint, Defendants deny them.

14. Defendants admit that there purport to be various Exhibits A1-A15 attached to the Complaint, which documents speak for themselves. To the extent any other allegations are made in Paragraph 14 of the Complaint, Defendants deny them.

15. Defendants lack knowledge of Monster's allegations in Paragraph 15 of the Complaint and on that basis they are denied.

16. Defendants deny the allegations of Paragraph 16 of the Complaint as stated.

17. Defendants lack knowledge of Monster's allegations in Paragraph 17 of the Complaint and on that basis they are denied.

18. Defendants lack knowledge of Monster's allegations in Paragraph 18 of the Complaint and on that basis they are denied.

19. Defendants lack knowledge of Monster's allegations in Paragraph 19 of the Complaint and on that basis they are denied.

20. Defendants lack knowledge of Monster's allegations in Paragraph 20 of the Complaint and on that basis they are denied.

21. Defendants lack knowledge of Monster's allegations in Paragraph 21 of the Complaint and on that basis they are denied.

22. Defendants lack knowledge of Monster's allegations in Paragraph 22 of the Complaint and on that basis they are denied.

23. Defendants lack knowledge of Monster's allegations in Paragraph 23 of the Complaint and on that basis they are denied.

24. Defendants lack knowledge of who "Opposer" is or what their connection with Monster is. Defendants lack knowledge of Monster's allegations in Paragraph 24 of the Complaint and on that basis they are denied.

25. Defendants lack knowledge of Monster's allegations in Paragraph 25 of the Complaint and on that basis they are denied.

26. Defendants lack knowledge of Monster's allegations in Paragraph 26 of the Complaint and on that basis they are denied.

27. Defendants lack knowledge of Monster's allegations in Paragraph 27 of the Complaint and on that basis they are denied.

28. Defendants deny the allegations in Paragraph 28 of the Complaint.

**Defendants' Accused Activities**

To the extent that the header "Defendants' Infringing Activities" in the Complaint states allegations, Defendants deny its allegations as stated.

29. Defendants deny the allegations of Paragraph 29 of the Complaint as stated.

30. Defendants deny the allegations of Paragraph 30 of the Complaint as stated.

31. Defendants admit that the Notice of Opposition speaks for itself. To the extent any other allegations are made in Paragraph 31 of the Complaint, Defendants deny them.

32. Defendants deny the allegations of Paragraph 32 of the Complaint as stated.

33. Defendants denies the allegations of Paragraph 33 of the Complaint as stated.

34. Defendants admit the allegations of Paragraph 34 of the Complaint as stated.

35. Defendants admit that there purports to be Exhibit B attached to the Complaint, which document speaks for itself. To the extent any other allegations are made in Paragraph 35 of the Complaint, Defendants deny them.

36. Defendants admit JOF Enterprise Inc. is using its federally registered BOSTON BEAST®[1] mark. Defendants deny Monster's allegations in paragraph 36 of the Complaint as stated, namely that JOF Enterprise Inc.'s federally registered BOSTON BEAST® mark is an "[i]nfringing [t]rademark" or that it is "confusingly similar to Monster's BEAST Marks."

37. Defendants deny the allegations of Paragraph 37 of the Complaint as stated.

---

[1] U.S. Trademark Reg. No. 4,882,346 registered Jan. 05, 2016 for the mark BOSTON BEAST in connection with Athletic apparel, namely, shirts, pants, jackets, footwear, hats and caps, athletic uniforms; Baseball caps and hats; Jackets; Jeans; Jerseys; Tops; Wearable garments and clothing, namely shirts, in IC 025 and is owned by JOF Enterprise Inc.

38. Defendants deny the allegations of Paragraph 38 of the Complaint as stated.

39. Defendants deny the allegations of Paragraph 39 of the Complaint as stated.

40. Defendants deny the allegations of Paragraph 40 of the Complaint as stated.

41. Defendants deny the allegations of Paragraph 41 of the Complaint as stated.

## FIRST CLAIM FOR RELIEF
## (Trademark Infringement and False Designation of Origin Under 15 U.S.C. § 1125(a)

To the extent that the above styled header in the Complaint states allegations, Defendants deny its allegations as stated.

42. To the extent that Paragraph 42 of the Complaint states any allegations, Defendants deny the allegations as stated.

43. Defendants deny the allegations of Paragraph 43 of the Complaint as stated.

44. Defendants deny the allegations of Paragraph 44 of the Complaint as stated.

45. Defendants deny the allegations of Paragraph 45 of the Complaint as stated.

46. Defendants deny the allegations of Paragraph 46 of the Complaint as stated.

47. Defendants deny the allegations of Paragraph 47 of the Complaint as stated.

48. Defendants deny the allegations of Paragraph 48 of the Complaint as stated.

## SECOND CLAIM FOR RELIEF
## (Trademark Infringement Under 15 U.S.C. § 1114

To the extent that the above styled header in the Complaint states allegations, Defendants deny its allegations as stated.

49. To the extent that Paragraph 49 of the Complaint states any allegations, Defendants deny the allegations as stated.

50. Defendants admit that there purports to be registrations listed in Paragraph 13 of the Complaint, which documents speak for themselves. To the extent any other allegations are made in Paragraph 50 of the Complaint, Defendants deny them.

51. Defendants deny the allegations of Paragraph 51 of the Complaint as stated.

52. Defendants deny the allegations of Paragraph 52 of the Complaint as stated.

53. Defendants deny the allegations of Paragraph 53 of the Complaint as stated.

54. Defendants deny the allegations of Paragraph 54 of the Complaint as stated.

55. Defendants deny the allegations of Paragraph 55 of the Complaint as stated.

## THIRD CLAIM FOR RELIEF
### (Unfair Competition Under California Business & Professions Code §§ 17200 *et seq.*)

To the extent that the above styled header in the Complaint states allegations, Defendants deny its allegations as stated.

56. To the extent that Paragraph 56 of the Complaint states any allegations, Defendants deny the allegations as stated.

57. Defendants deny the allegations of Paragraph 57 of the Complaint as stated.

58. Defendants deny the allegations of Paragraph 58 of the Complaint as stated.

59. Defendants deny the allegations of Paragraph 59 of the Complaint as stated.

## FOURTH CLAIM FOR RELIEF
### (California Common Law Unfair Competition)

To the extent that the above styled header in the Complaint states allegations, Defendants deny its allegations as stated.

60. To the extent that Paragraph 60 of the Complaint states any allegations, Defendants deny the allegations as stated.

61. To the extent that Paragraph 61 of the Complaint states any allegations, Defendants deny the allegations as stated.

62. Defendants deny the allegations of Paragraph 62 of the Complaint as stated.

63. Defendants deny the allegations of Paragraph 63 of the Complaint as stated.

64. Defendants deny the allegations of Paragraph 64 of the Complaint as stated.

65. Defendants deny the allegations of Paragraph 65 of the Complaint as stated.

66. Defendants deny the allegations of Paragraph 66 of the Complaint as stated.

## **PRAYER FOR RELIEF**

WHEREFORE, MONSTER prays for judgment against Defendants as follows:

To the extent that the above styled header and sentence in the Complaint state allegations, Defendants deny the allegations as stated.

67. To the extent that Paragraph A. of the Complaint states any allegations, Defendants deny the allegations as stated.

68. To the extent that Paragraph B. of the Complaint states any allegations, Defendants deny the allegations as stated.

69. To the extent that Paragraph C. of the Complaint states any allegations, Defendants deny the allegations as stated.

70. To the extent that Paragraph C.a. of the Complaint states any allegations, Defendants deny the allegations as stated.

71. To the extent that Paragraph C.b. of the Complaint states any allegations, Defendants deny the allegations as stated.

72. To the extent that Paragraph C.c. of the Complaint states any allegations, Defendants deny the allegations as stated.

73. To the extent that Paragraph C.d. of the Complaint states any allegations, Defendants deny the allegations as stated.

74. To the extent that Paragraph C.e. of the Complaint states any allegations, Defendants deny the allegations as stated.

75. To the extent that Paragraph C.f. of the Complaint states any allegations, Defendants deny the allegations as stated.

76. To the extent that Paragraph C.g. of the Complaint states any allegations, Defendants deny the allegations as stated.

77. To the extent that Paragraph C.h. of the Complaint states any allegations, Defendants deny the allegations as stated.

78. To the extent that Paragraph C.i. of the Complaint states any allegations, Defendants deny the allegations as stated.

79. To the extent that Paragraph D. of the Complaint states any allegations, Defendants deny the allegations as stated.

80. To the extent that Paragraph E. of the Complaint states any allegations, Defendants deny the allegations as stated.

81. To the extent that Paragraph F. of the Complaint states any allegations, Defendants deny the allegations as stated.

82. To the extent that Paragraph G. of the Complaint states any allegations, Defendants deny the allegations as stated.

83. To the extent that Paragraph H. of the Complaint states any allegations, Defendants deny the allegations as stated.

84. To the extent that Paragraph I. of the Complaint states any allegations, Defendants deny the allegations as stated.

85. To the extent that Paragraph J. of the Complaint states any allegations, Defendants deny the allegations as stated.

Defendants deny that Monster is entitled to any of the relief set forth in its Request for Relief.

WHEREFORE Defendants demand entry of judgment providing that Monster take nothing by virtue by their action and that Defendants go hence without delay and awarding Defendants their attorneys' fees in accordance with the federal and state statutes and causes of action relied upon by Monster, which permit the award of same, court costs, and such other and further relief as the Court deems just and proper.

## ALLEGATIONS NOT SPECIFICALLY ADMITTED

Defendants state that all allegations not specifically admitted herein in this Answer and Affirmative Defenses are hereby denied.

## AFFIRMATIVE DEFENSES

AND for its Affirmative Defenses, Defendants states as follows:

**First Affirmative Defense:**  Monster's Complaint fails to state a claim against Defendants upon which relief can be granted.

**Second Affirmative Defense:**  Monster has not identified a case or controversy sufficient to create the right for the requested legal declarations in this Court.  The facts alleged do not reflect a justiciable controversy.

**Third Affirmative Defense:**  Monster's claim for damages against Defendants is too remote, speculative, and/or unavailable as a matter of law and, regardless, would result in unjust

enrichment if awarded. Alternatively, Monster has suffered no damage or harm as a result of the conduct alleged in the Complaint and is, therefore, not entitled to any relief.

**Fourth Affirmative Defense:** Monster's claims fail as the conduct complained of is ordinary competition by entities providing somewhat similar services, but with different goods and services, not rising to the level of infringement or unfair competition.

**Fifth Affirmative Defense:** Monster has failed to mitigate its alleged damages, if any, thereby eliminating or reducing all damages claimed.

**Sixth Affirmative Defense:** Monster's alleged registrations are each and all invalid in whole or in part and a result, such registrations are not enforceable in whole or in part. The trademark at issue, BOSTON BEAST has been registered with the United States Patent and Trademark Office.

**Seventh Affirmative Defense:** Defendants are not infringing the each or any of the alleged trademarks, in whole or in part, and are not assisting and/or enabling third-parties to engage in infringing activities.

**Eighth Affirmative Defense:** Monster's action is barred by the Doctrine of Laches.

**Ninth Affirmative Defense:** Defendants are entitled to recover reasonable attorneys' fees against Monster on the grounds that this action has been brought against Defendants without merit and has not been brought or asserted in good faith.

**Tenth Affirmative Defense:** This action against Defendants is barred by intervening or superseding causes, including, but not limited to, the actions of other unnamed third parties and/or itself, creating a lack of causation and/or the absence of a causal relationship between Monster's allegations and Defendants' conduct. Put otherwise, the cause of Monster's damages, if any, was

the independent act or acts of other persons or entities, including Monster itself, over whom Defendants have no control and for whom Defendants are in no way liable or responsible.

**Eleventh Affirmative Defense:** Defendants reserve the right to add additional affirmative defenses as this matter progresses and Defendants discover additional information. Likewise, to the extent any of Defendants' affirmative defenses can be construed as claims, Defendant reserves the right to amend this answer to specifically plead any such additional claims against Monster.

Dated: September 29, 2022

Respectfully submitted
/Kyle C. Kasparek/
Kyle C. Kasparek
California State Bar No. 292871
THE RAPACKE LAW GROUP, P.A.
3750 Birch Terrace
Davie, FL 33330
Telephone: (954) 951-0154
Facsimile: (954) 206-0484
Email: kyle@arapackelaw.com

Andrew S. Rapacke
(Application *Pro Hac Vice* to be filed)
THE RAPACKE LAW GROUP, P.A.
3750 Birch Terrace
Davie, FL 33330
Telephone: (954) 951-0154
Facsimile: (954) 206-0484
Email: andy@arapackelaw.com

Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 29, 2022, under Federal Rule of Civil Procedure 5, the foregoing Defendants' Answer and Affirmative Defenses was filed with the Clerk of the Court by using the CM/ECF system, which will send an electronic notice to the following lead counsel of record in this proceeding: Lynda J. Zadra-Symes, Knobbe, Martens, Olson & Bear, LLP, 2040 Main St., 14th Fl. Irvine, CA 92614 (Lynda.ZadraSymes@knobbe.com), Counsel for Plaintiff.

By: */s/ Kyle C. Kasparek*
Kyle C. Kasparek
THE RAPACKE LAW GROUP, P.A.
Attorney for Defendant