1  Steven J. Nataupsky (CA SBN 155913)
   steven.nataupsky@knobbe.com
2  Lynda J. Zadra-Symes (CA SBN 156511)
   lynda.zadrasymes@knobbe.com
3  Paul A. Stewart (CA SBN 153467)
   paul.stewart@knobbe.com
4  Jacob R. Rosenbaum (CA SBN 313190)
   jacob.rosenbaum@knobbe.com
5  KNOBBE, MARTENS, OLSON & BEAR, LLP
   2040 Main Street, Fourteenth Floor
6  Irvine, CA  92614
   Phone: (949) 760-0404 / Facsimile: (949) 760-9502
7
   Attorneys for Plaintiff
8  MONSTER ENERGY COMPANY

9  Kyle C. Kasparek (CA SBN 292871)
   Andrew S. Rapacke (*Pro hac vice* pending)
10 THE RAPACKE LAW GROUP, P.A.
   3750 Birch Terrace
11 Davie, FL 33330
   Telephone: (954) 951-0154 / Facsimile: (954) 206-0484
12 Email: kyle@arapackelaw.com
   Email: andy@arapackelaw.com
13
   Attorneys for Defendants
14 JOF ENTERPRISE, INC. and JAMES FINNEY

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONSTER ENERGY COMPANY, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>JOF ENTERPRISE INC., a Massachusetts corporation; and JAMES FINNEY, an individual,<br><br>Defendants. | Case No. 5:22-cv-01458-AB-SP<br><br>**JOINT RULE 26(f) REPORT**<br><br>Scheduling Conference<br>Date:  December 9, 2022<br>Time:  10:00 a.m.<br>Crtrm: 7B<br><br>Hon. André Birotte, Jr. |

Pursuant to this Court's September 29, 2022 Order Setting Scheduling Conference (Dkt. No. 13), Federal Rule of Civil Procedure 26(f), and Local Rule 26-1, counsel for Plaintiff Monster Energy Company ("Monster") and counsel for Defendants JOF Enterprise Inc. and James Finney (collectively, "Defendants") conducted a conference in accordance with Rule 26(f) on November 18, 2022. The parties hereby submit the following Joint Report detailing the results of the Rule 26(f) Conference.

A.  **Statement of the Case**

   1.  **Monster's Statement**

Monster is the owner of 15 federal trademark registrations for the mark UNLEASH THE BEAST!® and other marks incorporating the word "BEAST." Monster is also the owner of common law trademark rights in the mark UNLEASH THE BEAST!® for use in connection with t-shirts and other apparel.

Defendants operate a business which sells t-shirts under the trademark "BOSTON BEAST." Defendants' use of this trademark is likely to cause consumer confusion, leading consumers to believe there is some affiliation or connection between Defendants and Monster's line of UNLEASH THE BEAST!® goods, including t-shirts and apparel. Defendants' use of the "BOSTON BEAST" trademark is therefore trademark infringement and a false designation of origin in violation of the Lanham Act, 15 U.S.C. § 1051, et seq., California's statutory unfair competition law, Bus. & Prof. Code § 17200, et seq., and California common law. Monster seeks damages and injunctive relief for these violations.

   2.  **Defendants' Statement**

Defendants own and operate a Massachusetts based e-commerce business which sells athletic apparel, shirts, pants, jackets, footwear, hats, and athletic uniforms under the trademark "BOSTON BEAST" in International Class (025). Defendants do not believe there is any likelihood of confusion with Plaintiff's

cited marks.

B. **Subject Matter Jurisdiction**

This Court has federal question jurisdiction over Monster's claims arising under the Lanham Act. *See* 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Monster's related unfair competition claims arising under California law. *See* 28 U.S.C. § 1367. This Court also has diversity jurisdiction over Monster's state law claims, as Monster resides in California and Defendants reside in Massachusetts. *See* 28 U.S.C. § 1332.

C. **Legal Issues**

The parties do not anticipate any unusual or difficult legal issues to arise in this case. The key issue in this case – whether there is a likelihood of consumer confusion between the parties' trademarks – is a question of fact.

D. **Parties and Evidence**

The Plaintiff in this case is Monster Energy Company, a subsidiary of Monster Beverage Corporation. For conflict purposes, The Coca-Cola Company is a shareholder owning approximately 16.7% of common stock of Monster Beverage Corporation.

The Defendants in this case are JOF Enterprise Inc. and its principal, James Finney. JOF Enterprise Inc. has no corporate affiliates.

Monster expects to rely upon its trademark registrations which have already been submitted to this Court as Exhibits A1-A15 to the Complaint, Dkt. 1. After discovery, Monster also expects to rely upon the sales records of Defendants to prove its damages, any evidence of actual consumer confusion, and any evidence relating to Defendants' intent in adopting their "BOSTON BEAST" mark.

E. **Damages**

Monster is unable at this early stage to estimate its damages. Any estimate must be based upon discovery of Defendants' sales of its "BOSTON

BEAST" t-shirts and any other "BOSTON BEAST" apparel.

**F.    Insurance**

Defendants are not currently aware of any relevant insurance coverage, but will supplement this Report in the event that they learn of any.

**G.    Motions**

The parties do not anticipate filing motions to add parties, amend their pleadings, or transfer venue.

**H.    Dispositive Motions**

The parties do not currently anticipate the filing of any summary judgment motions, but reserve the right to do so in the event that the evidence developed through discovery warrants such motions.

**I.    Manual for Complex Litigation**

The parties do not believe that any of the procedures of the Manual for Complex Litigation should be used.

**J.    Status of Discovery**

The parties have not yet begun discovery.  The parties are currently exploring settlement, but will commence discovery if those efforts do not promptly prove to be successful.

**K.    Discovery Plan**

Monster expects its discovery to focus on the issues of likelihood of confusion and damages.  This will include discovery of evidence of actual consumer confusion, Defendants' intent in selecting the "BOSTON BEAST" trademark, and Defendants' sales of its "BOSTON BEAST" apparel.

The parties jointly request leave to serve their Initial Disclosures no later than December 9, 2022, so that they may focus their current efforts on settlement.  The parties request no other changes to the Federal Rules of Civil Procedure or Local Rules regarding the timing of or limitations on discovery.  The parties do not request any phased discovery, except that fact discovery

should precede expert discovery.

The parties anticipate a need for a Protective Order under Fed. R. Civ. P. 26(c), and the parties will work together to propose a stipulated order to the Court.

The parties do not anticipate any special issues to arise regarding the discovery of electronically stored information or regarding privilege.

**L.   Discovery Cut-Off Date**

As indicated in the attached Worksheet, the parties propose a Fact Discovery Cut-Off Date of May 5, 2023.

**M.   Expert Discovery**

As indicated in the attached Worksheet, the parties propose exchanging initial expert reports on June 2, 2023, and rebuttal expert disclosures on June 30, 2023. The parties propose an expert discovery cut-off date of July 21, 2023.

**N.   Settlement Conference / Alternative Dispute Resolution**

The parties request that the Court refer this matter to private mediation no later than September 15, 2023.

**O.   Trial Estimate**

The parties estimate a three-day trial. Monster has demanded a jury trial.

Monster estimates it will call approximately 4-5 witnesses, including experts.

Defendants estimate that they will call approximately 4-5 witnesses, including experts.

**P.   Trial Counsel**

The attorneys who will try this case on behalf of Monster are: Steven Nataupsky, Lynda Zadra-Symes, Paul Stewart, and Jacob Rosenbaum.

The attorneys who will try this case on behalf of Defendants are: Andrew Rapacke and Michael Compagno.

**Q. Independent Expert or Master**

The parties do not anticipate any need for an independent scientific expert or a master.

**R. Schedule Worksheet**

Pursuant to this Court's Order Setting Scheduling Conference, the parties have attached a completed Scheduling Worksheet to this Report.

**S. Other Issues**

The parties are not aware of any other issues affecting the status or management of this case.

Respectfully submitted,
KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: March 22, 2017     By: */s/ Paul A. Stewart*
                         Steven J. Nataupsky
                         Lynda J. Zadra-Symes
                         Paul A. Stewart
                         Jacob R. Rosenbaum

                         Attorneys for Plaintiff,
                         MONSTER ENERGY COMPANY


THE RAPACKE LAW GROUP, P.A.

Dated: March 22, 2017     By: */s/ Andrew S. Rapacke*
                         Kyle C. Kasparek
                         Andrew S. Rapacke

                         Attorneys for Defendants
                         JOF ENTERPRISE, INC. and JAMES FINNEY

**AUTHORIZATION FOR SIGNATURE**

The other signatory to this document concurs in this filing and has authorized the use of his signature.

/s/ *Paul A. Stewart*
Paul A. Stewart

56667392