1  Steven J. Nataupsky (CA SBN 155913)
   steven.nataupsky@knobbe.com
2  Lynda J. Zadra-Symes (CA SBN 156511)
   lynda.zadrasymes@knobbe.com
3  Paul A. Stewart (CA SBN 153467)
   paul.stewart@knobbe.com
4  Jacob R. Rosenbaum (CA SBN 313190)
   jacob.rosenbaum@knobbe.com
5  KNOBBE, MARTENS, OLSON & BEAR, LLP
   2040 Main Street, Fourteenth Floor
6  Irvine, CA  92614
   Phone: (949) 760-0404/Facsimile: (949) 760-9502
7
   Attorneys for Plaintiff
8  MONSTER ENERGY COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONSTER ENERGY COMPANY, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>JOF ENTERPRISE INC., a Massachusetts corporation; and JAMES FINNEY, an individual,<br><br>Defendants. | Case No. 5:22-cv-01458-AB-SP<br><br>**MONSTER ENERGY COMPANY'S MEMORANDUM OF POINTS AND AUTHORITES IN SUPPORT OF MOTION TO COMPEL DEFENDANTS TO PROVIDE RESPONSES TO INTERROGATORIES AND DOCUMENT REQUESTS**<br><br>HEARING:<br>July 25, 2023<br>10:00 a.m.<br>Courtroom 4<br><br>Discovery Document: Referred to Magistrate Judge Sheri Pym<br><br>Fact Discovery Cutoff: July 28, 2023<br>Pretrial Conference: February 9, 2024<br>Trial: February 27, 2024 |

## I. INTRODUCTION

Monster is the owner of the registered trademark UNLEASH THE BEAST!® and numerous other registered trademarks that include the word "BEAST." Declaration of Jacob Rosenbaum ("Rosenbaum Decl."), Ex. 5 ¶ 13. Monster uses these marks on a variety of goods, including energy drinks and, most notably for this case, t-shirts. *Id.* ¶ 21. Defendants are using the mark BOSTON BEAST to sell t-shirts. *Id.* ¶ 33. Monster alleges that Defendants' use of the BOSTON BEAST mark is likely to cause confusion with Monster's BEAST marks and therefore constitutes trademark infringement and unfair competition. *Id.* ¶¶ 42-66.

This motion arises out of Defendants' failure to respond **at all** to Plaintiff's Interrogatories and Requests for Production of Documents, which were served on March 6, 2023. Rosenbaum Decl., Ex. 2 at 17, Ex. 3 at 26. Responses to these requests were due on April 5, 2023. Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2)(A). After Defendants failed to respond to Plaintiff's discovery requests by the deadline, Plaintiff's counsel emailed defense counsel, Phillip Horton, on April 13, 2023, to inquire as to the status of responses. Rosenbaum Decl., Ex. 1 at 7. Defense counsel did not respond. *Id.* Plaintiff's counsel again emailed defense counsel on April 18, 2023, explaining that due to Defendants' failure to timely respond, Plaintiff understood any objections by Defendants to Plaintiff's discovery requests to be waived. *Id.* at 6-7. Plaintiff's counsel also requested defense counsel's availability to meet and confer. *Id.*

Defense counsel responded on April 26, 2023, to explain that Defendants were unavailable and requested a thirty-day extension to respond to Plaintiff's discovery requests. *Id.* at 6. On April 28, 2023, Plaintiff responded that due to defense counsel's failure to earlier request an extension and the fact that responses were already more than three weeks past due, Plaintiff was unwilling to alter its position that all objections had been waived or to grant a retroactive extension of

time. *Id.* at 5-6. In the same email, Plaintiff notified Defendants that it would move to compel discovery responses if written responses were not received by the end of the following week. *Id.* That same day, defense counsel responded, explaining that Defendants understood Plaintiff's position, but that with additional time, he hoped to be in contact with Defendants and would work on responding to Plaintiff's discovery requests "ASAP free of objections." *Id.* at 5.

On May 1, 2023, Plaintiff's counsel notified defense counsel that if Plaintiff did not receive a response by May 11, 2023, it would begin the motion to compel process. *Id.* That same day, defense counsel responded that he understood. *Id.* at 4.

On May 24, 2023, Plaintiff's counsel emailed defense counsel explaining that Plaintiff required Defendants' discovery responses and documents in advance of the deposition of JOF Enterprise, Inc., which was then noticed for June 15, 2023. *Id.* Plaintiff's counsel again requested defense counsel's availability for a meet and confer and warned that defense counsel's failure to provide his availability would result in Plaintiff's filing a motion to compel. *Id.* That same day, defense counsel emailed Plaintiff's counsel to discuss a non-discovery matter. *Id.* at 3. On May 25, 2023, Plaintiff again requested defense counsel's availability for a meet and confer. *Id.* at 3. The parties met and conferred on May 31, 2023. Rosenbaum Decl. ¶ 7.

During the parties' meet and confer, Defendants' counsel could not commit to a date by which responses would be provided. Rosenbaum Decl. ¶ 8. To date, Defendants have not provided any responses to Plaintiff's Interrogatories or Requests for Production of Documents. *Id.* at ¶ 9. Recognizing that the instant Motion to Compel was necessary, Plaintiff prepared its portion of the Joint Stipulation in connection with the Motion to Compel and provided it to Defendants on June 21, 2023. Rosenbaum Decl., Ex. 6. Despite being reminded by Plaintiff's counsel that Defendants' deadline to provide their portion of the

-2-

Joint Stipulation was approaching, Defendants failed to provide their portion of the Joint Stipulation. Rosenbaum Decl., ¶¶ 12-14, Ex. 7 at 93. As a result of Defendants' non-responsiveness, Plaintiff has been completely unable to conduct discovery and also has been unable to submit a Joint Stipulation in support of this motion. Plaintiff now moves to compel Defendants' responses under Local Rule 37-2.4.

### A. Discovery at Issue

Plaintiff served Defendants with 11 Interrogatories and 25 Requests for Production on March 6, 2023. Rosenbaum Decl., Ex. 2 at 17, Ex. 3 at 26. Responses to these requests were due on April 5, 2023. Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2)(A). Defendants' failure to provide responses has prevented Plaintiff from conducting **any** discovery in this matter.

### B. This Court Should Compel Defendants to Respond to the Unanswered Discovery Without Objections

Under Rule 33(b) of the Federal Rules of Civil Procedure, "[t]he responding party must serve its answers and any objections within 30 days after being served with the interrogatories." Fed. R. Civ. P. 33(b)(2). Under Rule 34(b) of the Federal Rules of Civil Procedure, "[t]he party to whom the request is directed must respond in writing within 30 days after being served." Fed. R. Civ. P. 34(b)(2)(A). Here, Plaintiff served its Interrogatories and Requests for Production on Defendants on March 6, 2023. Rosenbaum Decl., Ex. 2 at 17, Ex. 3 at 26. Defendants' responses to Plaintiff's Interrogatories and Requests for Production were due on April 5, 2023. Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2)(A). Defendants did not serve responses on or before April 5, 2023, nor did they request an extension in advance of the deadline. Defendants did not request an extension until April 26, 2023, three weeks past the deadline to respond, and after Plaintiff demanded responses. Rosenbaum Decl., Ex. 1 at 6. Plaintiff's counsel did not agree to defense counsel's request. *Id.*

Instead, Plaintiff's counsel repeatedly warned that a motion to compel would be forthcoming if responses were not promptly received. *Id.* at 4-6. Plaintiff's counsel also explained that the requested discovery responses were required in advance of the deposition of JOF Enterprise, Inc. *Id.* at 4. To date, Defendants have not provided any responses to Plaintiff's Interrogatories or Requests for Production of Documents. Rosenbaum Decl. ¶ 9.

"[B]y failing to timely respond to [Plaintiff's] interrogatories, [Defendants] ha[ve] waived [their] right to object to them and must now respond without objection." *Simplicity Int'l v. Genlabs Corp.*, No CV 09-6146-SVW(RC), 2010 U.S. Dist. LEXIS 148389 at *5 (C.D. Cal. Mar 15, 2010) (citing *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992); *Young v. United States*, 149 F.R.D. 199, 206 (S.D. Cal. 1993)). Accordingly, Plaintiff moves for an order compelling Defendants to respond to Plaintiff's Interrogatories "without delay" and "without objection." *See id.* at *5-6.

"Failure to object to requests for production of documents within the time required [by Rule 34] constitutes a waiver of any objection." *Rodriguez v. Gregory Funding, LLC*, No. EDCV 21-1703-JGB (KKx), 2022 U.S. Dist. LEXIS 200915 at *6 (C.D. Cal. Nov. 3, 2022) (citing *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992)). Accordingly, Plaintiff moves for an order compelling Defendants to respond to Plaintiff's Requests for Production without delay and "without objections." *See id.*

**C.  This Court Should Award Monster its Attorneys' Fees in Connection with this Motion**

Federal Rule of Civil Procedure 37(a) requires that if a motion compelling discovery is granted—"or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable

expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). "But, the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

Plaintiff made several good faith attempts to obtain the requested discovery without court action. Rosenbaum Decl., Ex. 1 at 4-7, ¶¶ 7-14. These attempts were unsuccessful. *Id.* Defendants have similarly frustrated Plaintiff's attempts to file a fully compliant Joint Stipulation under Local Rule 37-2. Rosenbaum Decl., ¶¶ 11-15, Ex. 7. Neither Defendants' nondisclosure nor their failure to meaningfully participate in the Joint Stipulation process were substantially justified. No substantial justification can exist for completely failing to respond to discovery for several months or for entirely ignoring the Joint Stipulation process. Moreover, Defendants' conduct has denied Plaintiff the opportunity to conduct any written discovery in this matter, or to take the deposition of JOF Enterprise, Inc., for which written discovery is required. *See* Rosenbaum Decl., Ex. 1 at 4. Nor do any other circumstances known to Plaintiff make an award of expenses unjust. Therefore, Plaintiff requests monetary sanctions equal to the "reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Plaintiff respectfully requests that the Court set a schedule for Plaintiff to submit evidence of the attorneys' fees incurred on this motion.

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: July 3, 2023   By: */s/ Jacob R. Rosenbaum*
   Steven J. Nataupsky
   Lynda J. Zadra-Symes
   Paul A. Stewart
   Jacob R. Rosenbaum

1  Attorneys for Plaintiff,
2  MONSTER ENERGY COMPANY
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28